IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| DAVID PIPER, JR., § | |
| § | |
| Movant, § | |
| § | |
| V. § | NO. 4:21-CV-061-O |
| § | (NO. 4:16-CR-278-O) |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

## OPINION AND ORDER

Came on for consideration the motion of David Piper, Jr., under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, movant's response to the Court's show cause order regarding timeliness of the motion, the government's preliminary response regarding timeliness, the reply, the record, including the record in the underlying criminal case, No. 4:16-CR-061-O, styled "United States v. Chadwick Hernandez, et al.," and applicable authorities, finds that the motion should be dismissed as untimely.

**I. BACKGROUND**

The record in the underlying criminal case reflects the following:

On February 15, 2017, movant was named with others in a one-count superseding indictment charging him with conspiracy to possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. CR Doc.[1] 92. His case was tried to a jury and movant was convicted. CR Doc. 147.

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:16-CR-278-O.

The probation officer prepared the presentence report ("PSR"), which reflected that movant's base offense level was 34. CR Doc. 161, ¶ 35. He received two-level increases for importation, *id.* ¶ 36, and maintaining a drug premises. *Id.* ¶ 37. Based on a total offense level of 38 and a criminal history category of I, movant's guideline imprisonment range was 235 to 293 months. *Id.* ¶ 103. Both the government and movant filed objections to the PSR. CR Docs. 163, 174. The probation officer prepared an addendum to the PSR, accepting the government's objections and rejecting those of movant. CR Doc. 176.

The Court sentenced movant to a term of imprisonment of 235 months. CR Doc. 204. Movant appealed. CR Doc. 196. The United States Court of Appeals for the Fifth Circuit affirmed. *United States v. Piper*, 912 F.3d 847 (5th Cir. 2019). On April 29, 2019, the United States Supreme Court denied movant's petition for writ of certiorari. *Piper v. United States*, 139 S. Ct. 1639 (2019).

On April 27, 2020, the clerk filed under Civil Action No. 4:20-CV-394-O, a document that purported to be a § 2255 motion submitted by movant. As explained by the Court's order of January 19, 2021, the Court determined that said motion had not been filed by movant, but rather by someone without authority to act on movant's behalf. Doc.[2] 2. Accordingly, the Court ordered the original motion stricken and allowed movant to proceed with the motion now under consideration. *Id.*; Doc. 1. The Court ordered movant to show cause why the motion should not be dismissed as untimely. Doc. 4. Movant filed a response. Doc. 5. The Court ordered the government to file a preliminary response, Doc. 7, which it has done. Docs. 9 & 10. Movant has filed a reply Doc. 11.

---

[2] The "Doc. __" reference is to the number of the item on the docket in this civil action.

## II. TIMELINESS OF THE MOTION

A one-year period of limitation applies to motions under § 2255. The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Typically, the time begins to run on the date the judgment of conviction becomes final. *United States v. Thomas*, 203 F.3d 350, 351 (5th Cir. 2000). A criminal judgment becomes final when the time for seeking direct appeal expires or when the direct appeals have been exhausted. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987).

In this case, movant's judgment became final on April 29, 2019, the date the Supreme Court denied his petition for writ of certiorari. *Griffith*, 479 U.S. at 321 n.6. Movant did not submit his motion for filing until September 24, 2020.[3]

Movant urges that he should be entitled to equitable tolling. Doc. 11. The doctrine of equitable tolling is applied only in rare and exceptional circumstances. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). Movant must show that he was pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented the timely filing of his motion. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Neither excusable neglect nor ignorance of the law is

---

[3] Although movant's motion is dated September 15, 2020, Doc. 1 at PageID 12, the attached memorandum is dated September 24, 2020. *Id.* PageID 32. (The "PageID __" reference is to the page number assigned by the Court's electronic filing system and is used because the item is not consecutively paginated.)

sufficient to justify equitable tolling. *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002). Movant's lack of legal acumen and unfamiliarity with legal process is not sufficient justification to toll limitations. *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008); *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). And, as several courts have recently discussed, tolling based on the COVID-19 pandemic is not available where the movant has made no showing of diligence before the lockdown. *See United States v. Thomas*, No. 18-135, 2020 WL 7229705, at *2–3 (E.D. La. Dec. 8, 2020); *United States v. Barnes*, No. 18-CR-0154-CVE, 2020 WL 4550839, at *2 (N.D. Okla. Aug. 6, 2020).

In this case, movant admits that the inmate helping him file the original motion went ahead and filed it because "time was running out on my deadline to have it filed." Doc. 10 at 3. In his response to the Court's show cause order, he laments that he should have "read about how to file a proper 2255 motion after the 1 year statute of limitations has expired." Doc. 5 at 1. Movant starts his timeline regarding the lateness of his motion with January 2020. *Id.* He concludes that had he foreseen the COVID-19 epidemic, he "probably could have gotten [the motion] done before the lockdown *and 1 year deadline*." *Id.* at 3 (emphasis added). Clearly, movant was aware of the one-year deadline. Yet, he does not offer any explanation of what happened during the nine months prior to January 2020, when he should have been preparing his motion. He does not cite to any impediment not of his own making that prevented him from timely filing his motion. He is not entitled to equitable tolling.

### III. CONCLUSION

For the reasons discussed herein, movant's motion is **DISMISSED AS UNTIMELY**. Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of

appealability is **DENIED**.

    **SO ORDERED** on this 5th day of April, 2021.

                                                                       _____
                                                                      Reed O'Connor
                                                    **UNITED STATES DISTRICT JUDGE**